UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE J. B., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> COMMISSIONER OF THE <br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. CV 18-8098-PJW <br><br> MEMORANDUM OPINION AND ORDER |

I.

INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). She contends that the Administrative Law Judge ("ALJ") erred when she discounted Plaintiff's testimony and when she rejected the treating doctor's opinion that Plaintiff could not work. For the reasons discussed below, the ALJ's decision is affirmed.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure Rule 25(d), Andrew M. Saul is hereby substituted in as the defendant.

II.

SUMMARY OF PROCEEDINGS

In September 2014, Plaintiff applied for DIB and SSI, alleging that she had been disabled since July 15, 2014, due to scoliosis, herniated discs, high cholesterol, and migraines. (Administrative Record ("AR") 274, 278, 311.) Her applications were denied and she requested and was granted a hearing before an ALJ. (AR 143-66, 179-82.) The ALJ held a hearing in February 2017 and a supplemental hearing in August 2017. (AR 24-102.) In September 2017, she issued a decision, finding that Plaintiff was not disabled and denying her applications for benefits. (AR 9-18, 24-102.) Plaintiff appealed to the Appeals Council, which denied review. (Dkt. No. 21.) This action followed.

III.

ANALYSIS

A. Plaintiff's Testimony

The essence of Plaintiff's testimony was that excruciating pain prevented her from working. She claimed that this pain limited her to standing for only 30 seconds and sitting for only 15 minutes. (AR 78.) She also testified that migraines prevented her from concentrating. (AR 78.) The ALJ discounted this testimony, concluding: (1) the medical evidence did not support it; (2) back surgery had been successful in relieving her symptoms; and (3) the only pain medication she was taking was for migraines and this medication helped alleviate the pain. (AR 15.)

Generally speaking, these are valid reasons for questioning a claimant's testimony. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (finding impairments that can be

controlled effectively with treatment are not disabling);
*Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (noting ALJ can consider objective medical evidence in determining credibility of claimant); SSR 16-3p, at *5 ("A report of minimal or negative findings or inconsistencies in the objective medical evidence is one of the many factors we must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms."); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (holding inconsistency between allegations of severe pain and conservative treatment was proper basis for discounting credibility). And, as discussed below, they are supported by substantial evidence in the record.

The ALJ discussed the medical evidence in detail and determined that it was inconsistent with Plaintiff's claims of debilitating pain. (AR 13-17.) For example, she noted that there was a lack of significant neurological findings and no evidence of muscle atrophy. Though Plaintiff underwent back surgery in May 2015, she was able to walk, presumably without a cane (since there is no mention of one), soon after the surgery. (AR 543-44.) Further, Plaintiff did not seek a pain specialist, neurologist, chiropractor, physical therapist, or acupuncturist after surgery, which, presumably, she would have done if she was experiencing excruciating pain. In fact, most of her follow-up appointments after surgery were for issues unrelated to her back or legs.

Plaintiff argues that her improvement after surgery was only temporary and that later her pain was the same as before the surgery. (Joint Stip. at 16.) Most of the chart notes suggest otherwise. And, though her treating doctor noted in April and May 2016 that Plaintiff

3

was complaining of lower back pain radiating down her left leg, Plaintiff did not pursue any therapy or treatment (like physical therapy, chiropractic treatment, or acupuncture) to attempt to address that pain. In fact, Plaintiff was referred to a pain specialist and neurologist after her surgery but apparently elected not to see either. (AR 548.)

Plaintiff argues that she did not take other pain medication because her migraine medication (Fioricet with codeine)--which she was taking seven times a day--was the only medication that worked for her. (Joint Stip. at 16-17.) But Plaintiff never explored with the pain specialist or the neurologist whether different medications or therapy might have worked. (AR 83.)

To the extent that Plaintiff is arguing that the ALJ erred when she failed to include any mental limitations to account for Plaintiff's "extreme pain with significant limitations in activities of daily living," this argument is also rejected. (Joint Stip. at 17.) Plaintiff testified that she saw a doctor for depression but that that doctor "couldn't give me anything for it." (AR 86.) Plaintiff, however, did not provide that doctor's records. Further, she did not take any medication for emotional/psychiatric issues nor was she receiving therapy or treatment. Thus, the ALJ did not err when she concluded that the evidence did not support Plaintiff's claim that she was limited in her daily activities due to mental/emotional impairments. (AR 158.)

B. The Doctors' Opinions

Plaintiff's treating doctor Virgencita Cortes opined that Plaintiff's back and leg pain and her migraine headaches prevented her from working. (AR 642-46.) Non-examining doctor Peter Schosheim

4

concluded that Plaintiff could perform sedentary work. (AR 35-36, 43.) The ALJ gave great weight to Dr. Schosheim's opinion and concluded that Plaintiff could perform sedentary work. Plaintiff contends that the ALJ erred in doing so. For the following reasons, the Court concludes that the ALJ did not err.

ALJs are tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). All things being equal, treating doctors' opinions are entitled to the most weight because they are hired to cure and have more opportunity to know and observe the patient. *Id.* at 1041. If a treating doctor's opinion is contradicted by another doctor's opinion, however, an ALJ may reject it for specific and legitimate reasons that are supported by substantial evidence in the record. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017), *as amended* (Sept. 14, 2017) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)); *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo*, 871 F.3d at 675 (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In February 2017, Dr. Cortes diagnosed Plaintiff with severe lower back and leg pain. (AR 642.) She noted, among other things, that this made it difficult for Plaintiff to stand for more than 30 seconds. (AR 642.) Dr. Cortes also reported that Plaintiff's left leg was in so much pain that the doctor could not even touch it and that when Plaintiff flexed her left knee she experienced excruciating pain. (AR 642.) Dr. Cortes opined that Plaintiff would only be able

to work for five to ten minutes before taking a break for an hour to rest. (AR 644.)

The ALJ gave "little weight" to Dr. Cortes's opinion because she believed that it was: (1) "not supported by relevant objective medical evidence," including Dr. Cortes's own chart notes; (2) inconsistent with the medical evidence from other medical and nonmedical sources; (3) contradicted by "other factors"; and (4) based in large measure on Plaintiff's subjective complaints. (AR 17.) These are valid reasons for discounting a doctor's opinion, *see, e.g., Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion that was contradicted by other medical evidence and was premised on claimant's subjective descriptions of pain); *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (holding ALJ may reject the opinion of a treating physician whose own "treatment notes provide no basis for the functional restrictions he opined should be imposed on [the claimant]"); *Morgan v. Comm'r, Soc. Sec. Admin.,* 169 F.3d 595, 602 (9th Cir. 1999) (affirming ALJ's rejection of treating physicians' unsupported and inconsistent opinions that relied on claimant's claims), and, generally speaking, they are supported by the record.

Dr. Cortes did not refer to any objective evidence to support her opinion that Plaintiff was essentially incapacitated. It seems, instead, that she simply accepted Plaintiff's subjective complaints and rendered an opinion consistent with them. Where, as here, the ALJ questions the claimant's testimony, she can discount the treating doctor's opinion that is based in large measure on the claimant's subjective complaints of pain.

By simply relying on what Plaintiff said, Dr. Cortes rendered an opinion without support. There was little or no objective evidence that Plaintiff would have difficulty standing for more than 30 seconds or that her leg hurt so much that Dr. Cortes could not even touch it. Nor was there evidence to support Dr. Cortes's opinion that Plaintiff could only work for five to ten minutes at a time and would then have to rest for an hour. Even assuming that Dr. Cortes's observations about Plaintiff's leg pain could be characterized as objective findings, they in no way supported her opinion regarding Plaintiff's other limitations, i.e., that she could not sit for more than ten minutes or look up or down at all. (AR 645.)

The ALJ also discounted Dr. Cortes's opinion because it was not supported by her treatment notes, particularly those following Plaintiff's May 2015 back surgery. (AR 17.) The chart notes following Plaintiff's surgery reveal that she was vastly improved. In fact, she reported that she was 70% better. (AR 556). Her appointments in September, October, and November of 2015 and March and September of 2016 were primarily for other medical issues, such as a rash, a well-woman examination, hormonal migraines, a colonoscopy, and right ear pain. (AR 543, 551, 553-55.) Though she complained between April and July of 2016 about back and leg pain (AR 545-51), a fair reading of the record shows that her condition vastly improved in the wake of her surgery. Further, as discussed above, Plaintiff was referred to a chronic pain specialist and a neurologist in May 2016 when she complained of migraines but she elected not to see them. (AR 544, 548.)

The ALJ further found that Dr. Cortes's opinion was not supported by the medical evidence from other medical sources. (AR 17.) This

7

was the essence of Dr. Schosheim's testimony. He pointed out, for example, that there were no records documenting any significant atrophy, sensory changes, or reflex changes.[2] (AR 33-35.) Dr. Schosheim opined that Plaintiff could perform a range of sedentary work. (AR 35-36, 43.) And he disagreed with Dr. Cortes's opinion that Plaintiff was limited to sitting for ten minutes and standing/walking for five minutes because there were no significant neurologic findings in the record to support it.[3] (AR 38.)

Plaintiff argues that Dr. Cortes's opinion is supported by the opinions of neurosurgeon Mehdi Habibi, who noted severe lower back pain radiating to the left leg (AR 433-34), and neurologist Dr. Lin, who noted tenderness in the entire left leg (AR 605-06). (Joint Stip. at 6.) But these doctors saw Plaintiff prior to her 2015 back surgery, and thus, their views have little or no bearing on Dr. Cortes's 2017 assessment.

The ALJ noted that Dr. Schosheim's opinion was more persuasive than Dr. Cortes's opinion because Dr. Schosheim is an orthopedic specialist whereas Dr. Cortes is an internist and family practitioner. (AR 17.) This is a proper basis for choosing one doctor over another.

---

[2] Plaintiff argues that Dr. Schosheim's testimony that he disagreed with Dr. Cortes's opinion because there were no neurological findings to support it is undermined by the fact that there were neurological findings in the record. (Joint Stip. at 6.) But the neurological findings Plaintiff is referring to were made before Plaintiff's May 2015 surgery and do not relate to Dr. Cortes's 2017 opinion. (AR 15, 389, 403, 452, 596.)

[3] Plaintiff takes issue with Dr. Schosheim's opinion because he was not aware that Plaintiff was prescribed a cane. (JS at 7.) The issue of Plaintiff's use of a cane was clarified by her testimony at the hearing, however, and Dr. Schosheim changed his opinion so that Plaintiff would be required to use a cane for standing and/or walking. (AR 41-43.)

8

*See Trevizo*, 871 F.3d at 675 (citing 20 C.F.R. § 404.1527(c)(2)-(6)) (explaining ALJ can consider doctor's specialty in assessing how much weight to give an opinion).

Plaintiff argues that, "since [Dr. Schosheim] did not give an opinion in regards to the migraines," the ALJ needed to address the limitations given by Dr. Cortes that related to her migraines. (Joint Stip. at 14.) Plaintiff is mistaken. First, Dr. Cortes did not include migraines in her diagnoses and mentioned them only in determining Plaintiff's limitations in looking up and down. (AR 642, 645.) Second, Dr. Schosheim did consider Plaintiff's migraines and accounted for them by precluding exposure to vibration, hazardous machinery, and unprotected heights. (AR 36.) Finally, the ALJ acknowledged Plaintiff's history of migraines and included limitations to account for them. (AR 16.)

IV.

CONCLUSION

For these reasons, the Agency's decision that Plaintiff is not disabled is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: March 19, 2020

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\RENEE B, 8098\Memo Opinion.wpd

9